United States District Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY and THE NORTH RIVER INSURANCE COMPANY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-3715 |
| CYRIL ELMO PARISH, JR. and C.E. PARISH GENERAL AGENCY, INC., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION and ORDER**

Pending before the court is Plaintiffs/Counter-Defendants' Partial Motion to Dismiss Defendants/Counter-Plaintiffs' Amended Counterclaim ("Plaintiffs' Motion") (Docket Entry No. 17) filed by United States Fire Insurance Company and The North River Insurance Company. For reasons explained below, Plaintiffs' Motion will be granted.

**I. Factual Background**

On October 26, 2006, plaintiffs United States Fire Insurance Company ("US Fire") and The North River Insurance Company (collectively, "Plaintiffs") entered into a Producer Underwriting Agreement and three subsequent addendums (the "Agreement") with defendants Cyril Elmo Parish, Jr. and C.E. Parish General Agency,

Inc. (collectively, "Parish").[1] Pursuant to the terms of the Agreement, Parish operated as a bail bond producer, and US Fire functioned as a surety for the bonds.[2] On November 12, 2021, Plaintiffs filed this action against Defendants alleging claims for breach of contract, breach of fiduciary duty, indemnification, and attorneys' fees.[3]

On December 29, 2021, Parish filed Defendants' Answer to Plaintiffs' Original Complaint (Docket Entry No. 8) and Defendants' Counterclaim ("Counterclaim") (Docket Entry No. 9), which seeks equitable accounting and attorneys' fees from US Fire.[4] On January 20, 2022, US Fire filed a Partial Motion to Dismiss, requesting the court dismiss Parish's Counterclaim for failure to state a claim.[5] On February 9, 2022, Parish amended its Counterclaim.[6] The First Amended Counterclaim alleges that Parish is entitled to an accounting because the Original Complaint is "a

---

[1] Agreement, Exhibit C to Plaintiff's Original Complaint ("Original Complaint"), Docket Entry No. 1-1, p. 5. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Id. at 1 ¶¶ 1-2.

[3] Original Complaint, Docket Entry No. 1, pp. 9-14 ¶¶ 25-46.

[4] Counterclaim, Docket Entry No. 9, p. 3 ¶¶ 8-9.

[5] Plaintiffs/Counter-Defendants United States Fire Insurance Company and The North River Insurance Company's Partial Motion to Dismiss ("First Motion to Dismiss"), Docket Entry No. 10, p. 2 ¶ 6.

[6] Defendants' First Amended Counterclaim ("Amended Counter-claim"), Docket Entry No. 11.

one-sided endeavor to interpret the Agreement, with no account detail as to how [Plaintiffs] arrived at the dollar amounts alleged to be owed in the Complaint."[7]

On February 15, 2022, the court denied the First Motion to Dismiss because the Amended Counterclaim made the motion moot.[8] Plaintiffs filed the pending motion on February 22, 2022.[9] Parish filed a response on March 15, 2022.[10] Plaintiffs filed a reply on March 22, 2022.[11]

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal quotations and citations

---

[7]Id. at 2 ¶ 6.

[8]Order, Docket Entry No. 14.

[9]Plaintiffs' Motion, Docket Entry No. 17, p. 3 ¶ 7.

[10]Response to Second Partial Motion to Dismiss ("Parish's Response"), Docket Entry No. 18.

[11]Plaintiffs/Counter-Defendants' Reply to Defendants/Counter-Plaintiffs' Response to Second Motion to Dismiss, Docket Entry No. 19.

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts deciding on Rule 12(b)(6) motions may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007).

### III. Analysis

Plaintiffs argue that Parish's Amended Counterclaim "fails to adequately plead a claim for equitable accounting" because it "fails to allege or provide any factual basis that it has a contractual or fiduciary relationship with US Fire entitling them to an accounting[,]" and "fails to allege how the information it is seeking is so complex that it cannot be determined through normal discovery procedures."[12]

"To be entitled to an accounting, a plaintiff must have either a contractual or fiduciary relationship with the party from whom a plaintiff seeks an accounting." Davis v. Seterus, Inc., Cause No. SA-17-CV-233-OLG, 2017 WL 10841350, at *2 (W.D. Tex. April 26, 2017) (citing T.F.W. Management, Inc. v. Westwood Shores Property Owners Association, 79 S.W.3d 712, 717 (Tex. App. - Houston [14th Dist.] 2002, pet. denied)). Parish fails to allege that US Fire has a fiduciary or contractual duty to provide an accounting.

---

[12]Plaintiffs' Motion, Docket Entry No. 17, p. 4 ¶ 10.

Plaintiff states in its Original Complaint that it is not a fiduciary to Parish,[13] and nothing in the Agreements suggests that US Fire has a duty to provide a full accounting to Parish.[14]

Parish does not allege that Plaintiffs have a contractual duty to provide an accounting. Parish's sole argument that Plaintiffs have a duty to provide an accounting is that Plaintiffs brought a claim for breach of fiduciary duty, and "the first element of a breach of fiduciary duty claim is that a fiduciary relationship exists between the parties."[15] Parish appears to argue that if it owed a fiduciary duty to Plaintiffs, then Plaintiffs must have owed a fiduciary duty to it in return. But Parish cites no legal support for this contention. A party can owe a fiduciary duty to another party without the other party owing a fiduciary duty in return. See, e.g., Lee v. Hasson, 286 S.W.3d 1, 14 (Tex. App.-Houston [14th Dist.] 2007) (fiduciary duty arises as a matter of law in the attorney-client relationship); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 199 (Tex. 2002) (a trustee owes a fiduciary duty to a beneficiary of the trust, an executor owes a

---

[13]See Original Complaint, Docket Entry No. 1, p. 5 ¶ 13 ("The Parish Defendants were an independent contractor of US FIRE. . . . The Parish Defendants owe fiduciary duties to US FIRE in relation to the conduct of their business; however, US FIRE is not the fiduciary of the Parish Defendants.").

[14]Agreement, Exhibit C to Original Complaint, Docket Entry No. 1-1.

[15]Parish's Response, Docket Entry No. 18, pp. 1-2 (citing Bos v. Smith, 556 S.W.3d 293, 303 (Tex. 2018)).

fiduciary duty to the beneficiaries of an estate, an attorney owes a fiduciary duty to a client). Parish has not shown that US Fire has a fiduciary or contractual duty to provide it with an accounting.

Moreover, Parish has not pled facts sufficient to show that the information it seeks could not be obtained through discovery. Courts find that an "[a]ccounting is appropriate when 'the facts and accounts presented are so complex [that] adequate relief may not be obtained at law.'" Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 243 (5th Cir. 2014) (quoting T.F.W. Management, Inc. v. Westwood Shores Property Owners Association, 79 S.W.3d 712, 717 (Tex. App. - Houston [14th Dist.] 2002, pet. denied)). "But '[w]hen a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting.'" Watson v. Citimortgage, Inc., 814 F. Supp. 2d 726, 738 (E.D. Tex. 2011) (quoting T.F.W. Management, Inc., 79 S.W.3d at 717-18).

Parish argues that the facts are complex because this case involves "hundreds if not thousands of multiple types of account transactions . . . and payments made directly to [Plaintiffs] without [Parish's] knowledge, as well as negotiations with state and/or county authorities and subagents . . . ."[16] Taken as true,

---

[16] Parish's Response, Docket Entry No. 18, pp. 2-3 ¶ 3.

these assertions still do not explain why Parish cannot obtain the information it needs through "the use of standard discovery procedures, such as requests for production and interrogatories," and therefore the court will not order an accounting. See Watson, 814 F. Supp. 2d at 738.

## IV. Conclusion and Order

For reasons explained above, the court concludes that Parish has not stated a plausible claim to an accounting. Accordingly, Plaintiffs/Counter-Defendants' Partial Motion to Dismiss Defendants/Counter-Plaintiffs' Amended Counterclaim (Docket Entry No. 17) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE